### RYAN v. UNITED STATES.

#### No. 9952.

Circuit Court of Appeals, Fifth Circuit.

July 23, 1942.

Rehearing Denied Oct. 12, 1942.

John R. Parkhill, of Tampa, Fla., for appellant.

Francis H. Inge, U. S. Atty., and Percy C. Fountain, Asst. U. S. Atty., both of Mobile, Ala., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

The indictment charged appellant Ryan and one T. S. Haden in the first count with having used the mail to carry on a scheme to defraud Mrs. Matilda McArthur; in the second count with using the mail to carry on a scheme to defraud the investing public; and in the third count with a conspiracy to violate the mail fraud statute, Cr.Code § 215, 18 U.S.C.A. § 338. Both were convicted on all counts. Ryan was sentenced to five years imprisonment under count one, and to two years under count three, to follow the imprisonment imposed on count one.

The errors assigned relate to the sufficiency of the evidence, to a remark of the judge, to the overruling of motions for mistrial, and to certain cross-examination of Ryan as a witness.

The cross-examination of the defendant about his contacts with some women as possible investors in Tennessee and Mississippi, though these incidents were not specially mentioned in the indictment, nor in the evidence for the prosecution, had relevancy to the charge of a general scheme to defraud in the second count. No harm appears to have been done in any event, as Ryan did not admit anything to his detriment.

The motions for mistrial relate to remarks of the prosecuting attorney during the taking of testimony. These remarks were rebuked by the judge. We do not think a mistrial was demanded.

The record contains this: By Mr. Zewadski: "I wish to take an exception at this time; but I do think that the remark of the Court was harmful when you said 'You evidently didn't want the jury to hear it.'" By the Court: "I will grant you an exception and would be glad to let the record show that." We do not discover what the circumstances were, or what it was that the jury was not desired to hear. We are unable to hold that the remark was either improper or harmful.

As to the evidence, it was sufficient to show that, as to the first count, Ryan was present one or more times when Haden, who was the principal actor, made the approaches to Mrs. McArthur to win her confidence, that he aided Ryan to obtain cash on two of the checks Haden got from her, himself receiving the money on one, which he says he paid over to Haden. During the very same weeks that Haden got $6,000 from Mrs. McArthur, he and Haden were together getting money similarly from two other ladies in Mississippi, Ryan being the principal actor there. Though Ryan denied any profitable part in the dealings with Mrs. McArthur, and that there was any fraud or profit in the dealings in Mississippi, the jury were warranted in concluding that Ryan and Haden were working together in a scheme to defraud in both instances. The letter which was the basis of conviction under count one was (so the jury might well find) mailed by Haden from Memphis to Mrs. McArthur, to aid in carrying out the plan to defraud her. If so, and if Ryan was a party to the scheme, he might lawfully be convicted along with Haden, though it is not shown that Ryan authorized or knew of the mailing of the letter. If he and Haden agreed together to defraud Mrs. McArthur and either of them mailed a letter to further the scheme the act of one would be the act of both, the whole enterprise being unlawful.

But we think conviction under the third count is not warranted by the evidence. The charge there is not merely that Ryan and Haden conspired to defraud Mrs. McArthur and others, but that they conspired to use the mails to further a fraudulent scheme. Evidence of a scheme or conspiracy to defraud does not show a conspiracy to use the mails unlawfully, even though one of the conspirators, (without the concurrence of the other), may use the mail. Here the mail was used, before Haden's arrest, only twice; once by Haden in writing a letter to Mrs. McArthur from Memphis, and once a month later by Ryan in writing a letter from Tampa to the lady in Mississippi. Neither letter was one of approach, but each was written after money had been obtained, and was intended to excuse the writer's failure to deliver what was due in return. Ryan says he knew Haden had been arrested before Ryan wrote. Haden does not appear to have known that Ryan was going to write a letter, nor Ryan that Haden was. Each letter seems to have been spontaneous and unpremeditated as between them. They did not prepare letterheads, nor circulars, to be used in their enterprise, which could be thought to prove a plan to use the mails. There are only these two sporadic mailings, one by each, when miles away from the other. A conspiracy to use the mails is not shown.

The verdict and sentence on the first count are upheld. The verdict of guilty on the third count, and the sentence on that count, are set aside and a new trial awarded on the third count.

Judgment reversed on third count.